## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## CHARLESTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 2:04-cv-0952-DCN-3 |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| HENRY LEE NELSON, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

    This matter is before the court on defendant Henry Lee Nelson's ("Nelson") motion for relief under the First Step Act, ECF No. 582, motion for immediate release from custody, ECF No. 591, and motion for compassionate release, ECF No. 594. For the reasons set forth below, the court grants the motion for compassionate relief. Accordingly, Nelson's remaining motions are moot.

### I.  BACKGROUND

    On February 9, 2005, the government named Nelson in three counts of superseding indictment. ECF No. 165. On April 14, 2005, after a trial, a jury found Nelson guilty on two counts: conspiracy to possess cocaine (5 kilograms or more) and/or cocaine base (50 grams or more) with the intent to distribute in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(A) ("Count 1"), and conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h) ("Count 18"). Prior to sentencing, the United States Probation Office prepared a presentence report ("PSR"), which calculated a total offense level of 43 for both counts and, pursuant to the United States Sentencing Guidelines (the "Guidelines"), recommended a sentence of life imprisonment. On December 6, 2005, the court sentenced Nelson to life imprisonment, consisting of a term

1

of life as to Count 1 and a term of twenty years as to Count 18, to run concurrently. On November 28, 2006, the Fourth Circuit affirmed Nelson's sentence.

Since he has been incarcerated, Nelson has filed several motions for relief with the court. In 2008, Nelson filed a motion to vacate his sentence under 28 U.S.C. § 2255, ECF No. 436, which the court denied, ECF No. 529. In 2011, Nelson filed a motion for retroactive application of sentence guidelines, ECF No. 492, which the court also denied, ECF No. 493. In 2013 and 2014, Nelson filed a motion under Rule 60, ECF No. 544, and a second motion under § 2255, ECF No. 547, respectively. On November 30, 2015, Nelson filed a motion to reduce his sentence based on a new rule of law that authorized the court to retroactively apply new Guideline provisions to a defendant's recommended sentencing range. ECF No. 565. The court granted Nelson's motion and reduced his sentence under Count 1 from life to 324 months. ECF No. 566. Nelson's concurrent 20-year sentence on Count 18 remained unchanged.

On June 4, 2019, Nelson filed a pro se motion to reduce his sentence under the First Step Act. ECF No. 577. On January 31, 2020, Nelson's newly appointed public defender refiled the First Step Act motion. ECF No. 582. On April 20, 2020, Nelson filed a pro se motion for immediate release. ECF No. 591. On June 17, 2020, Nelson's attorney filed a "status report" informing the court that Nelson was diagnosed with COVID-19 and that his condition was worsening. ECF No. 593. On July 7, 2020, Nelson's attorney filed a motion for compassionate release based on Nelson's deteriorating condition. ECF No. 594. The government filed a response to the motion for compassionate release, deferring to the discretion of the court. ECF No. 598.

## II.  STANDARD

Generally, a court "may not modify a term of imprisonment once it has been imposed."  18 U.S.C. § 3582(c).  Section 3582(c)(1)(A) provides an exception to this general rule where "extraordinary and compelling reasons warrant such a reduction."  Courts generally refer to requests under this section as motions for "compassionate release."  United States v. Norris, 2020 WL 2110640, at *1 (E.D.N.C. Apr. 30, 2020).  Prior to the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (2018), the law permitted only the Bureau of Prisons ("BOP") to file motions for compassionate release.  United States v. Dowdell, 669 F. App'x 662 (4th Cir. 2016).  Section 603 of the First Step Act amended § 3582(c)(1)(A)(i) by authorizing defendants themselves to file requests for compassionate relief with the sentencing court after exhausting available administrative remedies.  United States v. Griggs, 2020 WL 2614867, at *3 (D.S.C. May 22, 2020).  Comments to § 1B 1.13 of the United States Sentencing Commission's advisory Guidelines Manuel provides four categories of  "extraordinary and compelling circumstances" that may warrant a sentence reduction: (1) medical condition of the defendant, (2) age of the defendant, (3) family circumstances, and (4) a catch-all "other reasons".  U.S.S.G. § 1B 1.13, comment. n. 1.

The determination of whether "extraordinary and compelling circumstances" warrant relief is within the discretion of the district court.  United States v. Beck, 425 F. Supp. 3d 573, 579 (M.D.N.C. 2019).  If the court finds that such circumstances warrant a reduction in a defendant's sentence, it must "consider the factors set forth in § 3553(a)" to determine whether such a reduction is justified.  18 U.S.C. § 3582(c)(1)(A)(i).  Further, the court must ensure that the defendant is not "a danger to the safety of another person

or the community as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13.  A compassionate relief defendant "has the burden of establishing that such relief is warranted." Griggs, 2020 WL 2614867 at *3.

### III.   DISCUSSION

Because the court's resolution of the motion for compassionate relief is time sensitive, the court considers that motion first.

**A. Exhaustion**

As a prerequisite to a motion for compassionate relief, a defendant must exhaust his available administrative remedies.  18 U.S.C. § 3582(c)(1)(A)(i) provides that a defendant does so when: (1) the "defendant has fully exhausted his administrative rights to appeal a failure of the BOP to bring a motion on his behalf," or (2) the defendant requested compassionate relief from the warden of his facility and thirty days from the warden's receipt of the request has lapsed without response, "whichever is earlier." Nelson argues that he has exhausted his administrative requirements under the latter provision because he "wrote an email to the warden of his facility on April 18, 2020" and has yet to receive a response.  ECF No. 594 at 2.  Indeed, Nelson has presented a copy of the email requesting relief.  ECF No. 594-1.   The government does not argue that Nelson has failed to meet his administrative exhaustion requirement.  Because thirty days have lapsed since Nelson requested relief from the warden of his facility, the court finds that he has exhausted his administrative remedies.

**B. Extraordinary and Compelling Reasons**

Nelson argues that his worsening condition in his battle with COVID-19 constitutes an "extraordinary and compelling" reason that justifies relief.  Nelson is sixty-

three years old. In May of 2020, he was diagnosed with COVID-19. Nelson reports that on May 30, he suffered a congestive heart failure as a result of the virus and received treatment in the intensive care unit, where he remained for two days. ECF No. 593 at 1. Nelson's physician at the BOP has indicated that Nelson will soon need to undergo dialysis. Nelson's attorney has also reported that Nelson suffered another congestive heart failure on July 3, and that as of July 7, he remained in the hospital. ECF No. 594 at 1. Additionally, Nelson has experienced renal failure. The court agrees with Nelson that his current condition constitutes an extraordinary and compelling reason that warrants compassionate relief.

### C. § 3553(a) Factors & § 3142(g)

Having found that Nelson's condition warrants compassionate relief, the court must determine whether a reduction in Nelson's sentence is justified under § 3553(a) and whether Nelson is a danger to the community under § 3142(g).

In sentencing a defendant or, in this case, determining whether a reduction is justified, 18 U.S.C. § 3553(a) requires a court "impose a sentence sufficient, but not greater than necessary", considering the following factors:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed--
>     (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>     (B) to afford adequate deterrence to criminal conduct;
>     (C) to protect the public from further crimes of the defendant; and
>     (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> (3) the kinds of sentences available;
> (4) the kinds of sentence and the sentencing range established for [the offense committed];
> [. . .]

>(5) any pertinent policy statement
>[. . .]
>(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>(7) the need to provide restitution to any victims of the offense.

Before granting a defendant's release, § 3142(g) instructs the court to set "conditions of release that will reasonably assure . . . the safety of any other person and the community" by taking into account:

>[T]he nature and circumstances of the offense charged, including whether the offense is a crime of violence, . . . involves a minor victim or a controlled substance, firearm, explosive, or destructive device; the weight of the evidence against the [defendant]; the history and characteristics of the person, including—the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

The court finds that the sentencing factors weight in favor of relief. The government does not argue that the sentencing factors operate as a bar to compassionate relief. Instead, in its response, the government notes that it "has obtained confirmation of [Nelson's] health matters", such that the government considers them "substantiated." ECF No. 598 at 1. The nature of Nelson's condition, described above, is dire. Clearly, his need for "medical care . . . in the most effective manner" is substantial and likely consequential to his long-term health. 18 U.S.C. § 3553(a)(2)(D). Given the gravity of the stakes, Nelson's advanced age, and his clear vulnerability to COVID-19, the court finds this factor particularly persuasive.

6

The court recognizes that several of the sentencing factors weigh against granting Nelson relief. Nelson has been convicted of very serious drug offenses based on what the PSR described as "a prolonged and extensive involvement in the trafficking of cocaine." ECF No. 345 at ¶ 35. Nevertheless, other factors weigh more heavily in favor of relief. Moreover, many of the factors that would weigh against relief in this case are mitigated by Nelson's current condition. Of course, the court is keenly aware of its solemn charge to sentence defendants in a way that adequately deters the wrongdoing of others. In this case, however, the court is confident that its reduction of Nelson's sentence will not encourage others to commit similar crimes, given that such relief in this case is warranted by life-threatening health complications. Further, in his current state, the court is confident that Nelson does not pose a risk to any specific person or the community at large, as contemplated by § 3142(g). Therefore, considering the § 3553(a) factors, the court determines that a reduction of Nelson's sentence is warranted. As such, the court grants Nelson's motion for compassionate release.[1]

Accordingly, the court reduces the previously imposed sentence to time served; said term consists of time served as to each of Counts 1 and 18, to run concurrently. All other provisions of the original sentence shall remain the same. This order is stayed for up to fourteen days, for the verification of the defendant's residence and/or establishment of a release plan, to make appropriate travel arrangements, and to ensure the defendant's safe release. The defendant shall be released as soon as a residence is verified, a release plan is established, appropriate travel arrangements are made, and it is safe for the

---

[1] Because the court grants the motion for compassionate release, it finds that Nelson's other pending motions, which seek relief from his sentence on other grounds, are moot.

defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, the parties shall immediately notify the court and show cause why the stay should be extended.

### IV.   CONCLUSION

For the reasons set forth above, the court **GRANTS** the motion for compassionate release pursuant to § 3582(c)(1)(A)(i) and **FINDS AS MOOT** the motions relief under the First Step Act and for immediate release from custody.

**AND IT IS SO ORDERED.**

_____
DAVID C. NORTON
UNITED STATES DISTRICT JUDGE

**September 1, 2020**
**Charleston, South Carolina**

8